### THE CUMBERLAND TRUST COMPANY

*v.*

### B. S. AYARS & SONS COMPANY.

[Submitted June 29th, 1914.    Determined July 20th, 1914.]

1. Where the entire business management of a corporation had been entrusted to A. without limitation, supervision, or restraint by the board of directors, the corporation would be bound by a trust agreement executed by him, executory in character, and operative alone on the business to be transacted under it, by which it was provided that the corporation would hold in trust and separate, for settlement of the account of petitioner, all goods unsold and all currency, open accounts, notes, liens, mortgages, or other values received by the corporation for the goods.

2. An agreement executed by the business manager of a corporation agreeing to hold in trust and separate, for settlement of the account of petitioner, all goods unsold, currency, open accounts, and other values received by the corporation for the goods, made in good faith, was valid and enforceable as against the corporation's receiver in insolvency.

---

On petition to cause receiver in insolvency to deliver certain assets to J. E. Tygert Company.

*Mr. David O. Watkins,* for the petitioner.

*Mr. James S. Ware,* for the respondent.

LEAMING, V. C.

1. I am satisfied that the authority of Arthur D. Ayars to execute the contract in question in behalf of the corporation represented by him has been sufficiently established.

In practical operation the entire business management of the corporation appears to have been entrusted to Mr. Ayars without limitation, supervision or restraint on the part of the board; an inference of authorization co-extensive with the scope of that management cannot be properly resisted. The instrument in question may be said to be unusual in character; but unlike a mortgage (*Bennett* v. *Keene,* 59 *N. J. Eq. 634*), or a warrant for confession of judgment (*Stokes* v. *New Jersey Pottery Co., 46 N. J. Law 237*), or *cognovit* (*Raub* v. *Blairstown Creamery Association, 56 N. J. Law 262*), it in no way fastened a lien on the property of the corporation. It was a purely executory contract, operative alone on the business to be transacted under it. The power of the president to execute it in the name of the corporation may be sustained under the principles defined in *Murphy* v. *Cane, 82 N. J. Law 557.*

2. It is undoubtedly true that if the real purpose of the contract was to make an effectual sale with no intent upon the part of the parties to give effect to the trust declared, and the latter provision can be said to have been merely an empty form, to be operative only in case of disaster, petitioner cannot now enforce the trust provisions of the contract according to its terms; and a like consequence may be visited upon a waiver of the trust provisions. *In re Harrington, 212 Fed. Rep. 542.* But I am unable to reach the conclusion that the contract was not entered into in good faith or that its provisions have been abrogated by waiver.

The stipulation contained in the agreement is that the corporation will hold in trust and separate for settlement of the account of petitioner all goods unsold and all currency, open accounts, notes, liens, mortgages or other values received by the

corporation for the goods. There can be no legal obstacle to such an agreement if made in good faith. Even though it should be thought to fall within the provisions of our statute touching conditional sales (*2 Comp. Stat. p. 1561*), it would be void only as to judgment creditors without notice and subsequent purchasers and mortgagees without notice. *Smith* v. *Hotel Ritz Co., 74 N. J. Eq. 296.* The failure of the corporation to set apart cash received for goods sold (or to set apart the amount so received through a credit being given by a creditor in a settlement), standing alone, would be fruitful of no consequences other than to render it impossible for the *cestui que trust* to enforce the trust against the goods so sold because of the right to sell and collect having been bestowed upon the corporation or against proceeds of sales commingled with other funds of the corporation because of inability to identify the proceeds of sale as a specific object of the trust. Assuming that either the terms of the contract or the course of dealings of the parties justifies the conclusion that payments or settlements in the manner referred to were authorized by petitioner, there is yet nothing to be found in the mere right or privilege to make such settlements to warrant the conclusion that petitioner waived the right specifically defined in the contract to have funds so received by the corporation set apart or kept separate as objects of the trust. There can be little doubt that the trust provisions of such an agreement spring from want of confidence in the pecuniary responsibility of the trustee, and to that extent they may be said to contemplate and provide against the danger of future financial disaster; but as the conventional relations of trustee and *cestui que trust* are lawful, the rights arising from that relation must be protected by this court as long as that relation in fact and in law continues, and I am unable to conclude that the trust relation defined by the contract in question can be properly said to have been at any time terminated.

I will advise an order pursuant to the prayer of the petition.